Yes your honor. This is cause number 21-30316 Dixon v. Haza Foods of Louisiana. Mr. Mark, pronounce your last name for me. Frischert, your honor. Frischert? Yes. And Ms. True? Yes your honor. All right. Are you both ready to proceed? Yes your honor. All right. Mr. Frischert, you may begin. Thank you your honor. Good morning and may it please the court. My name is Mark Frischert and I represent appellant Daryl Dixon in this matter. This case is before the court pursuant to diversity jurisdiction applying Louisiana law and it arises out of an incident that occurred in December 2018 where Mr. Dixon pulled into the parking lot of Wendy's owned by defendant Haza Foods and as he stepped out of his vehicle and walked across the front he tripped on a piece of rebar that was protruding from the parking lot. After he fell when Dixie employees came to the scene he was assessed, sought medical care and some photographs were taken of the parking meter. The defendants ultimately moved for summary judgment in this matter claiming that there was a lack of evidence of constructive notice under Louisiana's merchant liability statute. The district court granted summary judgment finding a lack of constructive notice and we have appealed that decision. So that raises a point for me. Looking at your notice of appeal it says you're appealing record document 41 which is the order denying your rule 59 rule 60 motion for reconsideration. Are you appealing any other document than record document 41? I'm just trying to get like ordinarily we would say well this is summary judgment appeal, you know of a review but the parties are saying abuse of discretion so I'm just trying to figure out what's your appeal. Yeah well your honor the the rest of that sentence we go on to say that we are appealing the district court's granting of summary judgment. There there's a complicated procedural history admittedly due to errors by my office um where right do you in that part so that part of the sentence I don't understand do you mean to be referencing another document besides record document 41? It's a different document. No your honor we are appealing record docket document 41 because if if the judgments of the district court were reviewed the district court initially granted summary judgment based on no opposition. We we filed an opposition the following day prior to the submission deadline but still beyond the eight days prior to that the district court granted leave granted that leave to file that untimely opposition and ordered that our opposition be filed into the record and stated that our opposition would be considered in the context or within our motion our rule 59 or rule 60 motion. The district court actually considered our motion a rule 54 motion where the district court said that prior judgment was actually interlocutory and in that document number 41 which is tab 4 of the excerpts and page 287 of the record the district court re-examined if we look at page 290 the district court said summary judgment re-examined and on that page states now having considered Dixon's opposition to Hazard Foods motion for summary judgment the court determines and goes on to say that it finds that there's no constructive knowledge and so from our perspective based on what the district court did granting our leave and then considering this a rule 54 motion the appropriate standard of review is de novo because in document 41 the district court essentially you know under rule 54 re-granted their motion for summary judgment now on the merits as opposed to based on there being no opposition and so we submit that while the procedural history is complicated admittedly due to error by my office the court this case is before the court on a granting of a motion for summary judgment and therefore de novo is the proper standard of review. Is that what you say in your brief? Do you say de novo is the standard review in your brief for abuse of discretion? I'm going to say de novo your honor. Okay, all right. And so Mr. Dixon the for purposes of the summary judgment filed by the defendant was solely on the issue of notice and therefore you know no other elements of plaintiff's burden are at issue. We presented evidence as is customarily the case in these slip and fall cases the plaintiff is never present when the condition arises and therefore in almost every case it's always through circumstantial evidence that a plaintiff seeks to prove notice on the defendant. I guess in the rare circumstance where a defendant admits they knew of the condition and maybe where there's some video that could establish that but in this case as in many it's through circumstantial evidence and we submit that under the summary judgment standard the evidence viewed in the light most favorable to Mr. Dixon that the circumstantial evidence shows that there's an issue of material fact upon which reasonable minds could differ and a reasonable juror could find constructive notice and this is based on two pieces of evidence your honors. First it's based on the photograph that's in the record at page 272 and second it's based on the testimony of the general manager of Hazza Foods which is in the record at page 230 through approximately 240 and what those two pieces of evidence established the photograph for example shows the dislodged parking bumper this parking bumper is held in place by two pieces of rebar that stick up from the concrete floor. It shows the parking bumper dislodged you see the piece of rebar and you see missing concrete where the rebar would have pushed through the dislodged parking bumper. The testimony of Mr. Paul the general manager was that the parking lot would have been inspected around between 1 and 2 p.m. That if you don't mind I want to I'd like to take these one at a time so you were talking about the provides? Yes your honor. So tell me how it is that the photo provides some evidence of notice. Okay the photo itself your honor provides circumstantial evidence that this parking bumper had been dislodged for a period of time which is what the law in Louisiana requires. We don't have to prove a specific period of time we have to prove it's just a period of time. The question of whether or not that but a photo represents one moment in time. It does your honor but if we look at that photo we see several things. First the rebar where it came out of the parking bumper broke away pieces of the concrete. We do not see any of those broken pieces of the concrete in this photo where you would expect if that parking bumper had recently been dislodged from that piece of rebar the broken pieces of concrete would be present on the ground near the parking bumper. None of there's not a single piece of broken concrete and this from this a reasonable trier fact could infer that that parking bumper was not recently dislodged but instead had been dislodged sometime again. Additionally the the parking bumper has dirt and growth because it's been outside on it and we see in the cracked concrete part there's no evidence of recent cracking there's no evidence the the concrete isn't is not clean looking which is what you would expect where had there been a crack and then additionally and I know the district court disagreed with us on this but there's no scrapes or marks on the ground where the parking bumper would have slid across or been scraped scraped across the the concrete parking lot and from this a reasonable trier fact could infer that the parking bumper had been dislodged not moments before the accident but instead a substantial period of time or a period of time before the accident and and this is why your honor I was moving on to Mr. Paul's testimony because he said the parking lot would have been inspected after the lunch hour rush between one and two o'clock and that nothing was noted about the parking bumper at that time does the record reflect how large the parking lot was Mr. Frischer's it does not um okay the record doesn't reflect that your honor what about uh the photo uh was there something about leaves yes all right mention that yes your honor if you look at the top part of the photograph there are leaves that have been pushed behind the parking bumper and they are collected um in that area and we argued that that was further circumstantial evidence that this parking bumper had been dislodged for a period of time because it allowed for debris and leaves to collect behind it while there's no debris or leaves on the other side of the parking bumper in other words a reasonable trier fact could look at this and say well if there was if those leaves were fresh they would have been everywhere in the photograph but instead they're solely located pushed up behind the parking bumper now um and this gets to the evidence before well and that we submit your honor that the district court thought that that evidence could be interpreted that way and for purpose let's recall this is on summary judgment so the question is not whether we have fully proven our case but instead whether based on the evidence a reasonable trier fact could infer what the plaint you know that the plaintiff could prevail and that obviously includes the possibility that a reasonable trier fact could infer that the plaintiff doesn't prevail and so but in the context of a summary judgment standard viewed in the light most favorable to the non-moving party the evidence instead of weighing that evidence and making a determination the district court should in our opinion find that there's a genuine issue with material fact for the chart for the jury to make that assessment as to what proper inferences should be drawn from the photograph mr fisher it's um the photo i'm looking at is on roa 262 so i think it's the right okay looking at it in color uh it looks like it looks like the ground is wet is that right is it rain is it in the record it was raining that day it is in the record that the i don't know it wasn't it's it's in the record that the ground was wet your honor that's in the testimony of mr paul as well and it's in the record this happened in december in where jefferson parish yes your honor happened in december december uh 9th 2018 in jefferson parish okay um and and so the the the lack if i go back the lack of any broken concrete in the area where the parking bumper would have become dislodged from that piece of reef rebar we submit is compelling circumstantial evidence you would had this recently occurred and going back to what i was saying um the parking lot was supposedly inspected between 1 and 2 p.m. this accident occurred at 3 45 p.m. and therefore if the parking bumper was not dislodged around between 1 and 2 p.m. then let me state it this way the parking bumper was either dislodged or not dislodged those are the only two choices and so if it was not dislodged at 1 or 2 p.m. but was dislodged at 3 45 then we submit you certainly would see evidence of the broken concrete in the photograph uh in the record interferes is that hole in the parking bumper i'm looking at is that where the rebar was i don't know you may not know this but i don't know what was the rebar in that hole or somewhere else the rebar was in that hole and it's a little i guess because of the angle of the photograph the parking bumper was pushed with a force enough to break the concrete and have the rebar pushed through and the parking bumper dislodged from where the rebar but yes there's a hole that is intentionally placed there for the rebar and then there's where the rebar broke through the edge of that hole causing the missing part of the parking bumper does the record reflect how tall that piece of rebar is it does not specifically i believe there's evidence that it was several inches no one there's no specific measurement last question i mean i ask all these questions because now now we can pretend like we're on csi new orleans um but this this uh piece of concrete at the top of the picture what is that there there's a is it a curb is it a sidewalk do you know yes that is the the edge of the parking lot itself that is a a curve that is part of and i wish i wasn't there i wish i had a more drawn out photograph that curve in the upper right hand corner is actually the curbing the permanent curbing that runs along the length of okay thank you um and um had this parking bumper not been dislodged it would have been straight and so the at the end of the day the dispute surrounds under the summary judgment standard what reasonable inferences from the testimony could a trier effect and obviously the district court did not make the inferences that we sought to have made however the district court in reaching its decision made its own inferences instead of we submit asking the question could a reasonable trier of fact infer from the photograph and the testimony of mr paul that this parking bumper had been dislodged for some period of time before mr dixon's your honor thank you very much thank you counsel miss true good morning judges um my name is katherine true on behalf of haza foods of louisiana llc um that's a company that operates wendy's and we're probably in the current appeal so i think just to address some things i noted on uh during plaintiff counsel's argument i think that the number one issue or there's one thing that i think is mistaken and i it's my understanding of the law under the merchant liability statute and louisiana supreme court um interpretation of constructive notice and requirements that um there has to be some temporal element there's a mandatory simple element so there has to be some proof that the damage causing condition was present for a certain period of time or any period of time before the incident here the damage causing condition is the actual exposure of the rebar plaintiff counsel's asking you to assume that the concrete came out and the rebar was all exposed all at one time when the parking bumper begins to become loose is not the damage causing condition um the damage causing condition that the temporal notice applies the simple element applies to is when the parking bumper is moved such that the rebar is exposed because that's the condition that the plaintiff tripped over and actually i had a similar case um it's called gordon versus dollar general it wasn't cited in my brief because i didn't anticipate this when i prepared my brief but figured it could come up so i went ahead and wrote down the citation it's an eastern district of louisiana case sarah vance 2017 westlaw 3721530 and that case involves a motion for summary judgment and a wet mat the facts are a little different but the plaintiff argued that it would take time for the mat to get wet enough and judge vance said no no the damage causing condition is once the mat is wet enough that they'll slip so the process getting it there isn't what you need the temporal element for and she said you must show that the hazardous condition existed for a period of time not that it developed over time and the development uh i mean it could have been broken and moved back covering up the rebar and then that is not what the temporal element is here the temporal element is the actual time it moved in this specific case so under this true i i just don't get that i'm looking at the picture you're looking at the picture i'm looking at roa 262 are you telling me that looking at that picture there's only one reasonable inference to be made for when that rebar became exposed yes your honor well i don't have the burden of proving it yeah i know what what are you telling me that there's only one reasonable inference to be made that no trier of fact could look at that picture and say somebody moved that parking bumper i don't know how it happened a car hit it uh and it and i'm looking at it it's all there's it's it's broken um it doesn't look like it happened like an hour before there's leaves all over the thing yeah so oh it might have happened six months ago it might have happened last week i guess it could have happened an hour ago seems unlikely but i'm just i don't know when that happened from looking at that picture sure and so the problem yeah i agree with that but the problem is that's not the standard based on louisiana supreme court ruling and babin versus winn dixie which is cited in my brief and white versus walmart which is also cited louisiana supreme court in both of those cases said there had to be a positive show there's got to be positive evidence you can't speculate that it was moved it's a high burden for a plaintiff to make admittedly what more would he have to show that this picture with all these yellow leaves drifted behind the thing you know with a broken it's all broken i mean that obviously happened i can't think i can't even fathom what else happened in this case but that the the thing was moved what what other evidence would you have to show to show a temporal element this looked like a smoking gun to me so judge there's one thing i'd like to point out that kind of answers the question and tell me if this isn't direct enough this is speculative and the reason it's speculative not only is what it shows in my opinion but the fact there's nothing in the record that times when this photo was taken so they're asking you to speculate that this photo was taken right after the accident when in the trial court records there's nothing there that it accurately shows the trial trial at trial wouldn't they have to authenticate the photo yes they would have to authenticate it but i think on summary on summary judgment doesn't that isn't it true correct me if i'm wrong i'm it could be capable of authentication authentication um yes i believe so but i think you have to make it relevant and there's nothing in the record it's not so much an authentication issue it's irrelevant there's nothing in the record on summary judgment that says this photo which just shows the moved parking bumper or nothing in the record the whole trial court record that says that this photo was um taken right after the accident are you saying are you are you saying that there's a genuine there's a fact issue as to whether this photo is even of the wendy's parking lot where this happened no i'm not saying that your honor i'm just saying that we can't infer all the things plaintiff counsel is asking us to infer under bavin which i think that just adds to it but let me tell you pardon me did you say that the record shows that the photo was taken right after the accident no your honor i was saying that there's no evidence in the record the trial court record when it was taken how long after the accident it was taken um yes and so it's we don't the record does not reflect that when it was taken also judge to kind of circle back on what the photo shows the the leaves i think the trial court got it right the leaves the trial court said that's not relevant to to the temporal element the trial judge said if anything it seems to negate the temporal element because it appears that there's no leaves in front of it but there are only leaves behind it so it must have kind of moved it seems to establish that it moves does that that doesn't seem like summary judgment reasoning to me i mean i don't know why the leaves are there i mean i can see the leaves i can see something in front of it i can see some under it what if it was cobwebs yeah well i guess that is one way to look at it but i think the main issue here is there's got to be some positive showing we can't say oh well what somebody could see it this way or someone there's got to be it can't be speculation and i want to talk to you all about a case that i think is very applicable here it was actually cited by plaintiff's counsel it shows um that case is gedry versus brookshire it's weaving a supreme court 2020 and in that case the plaintiff submitted surveillance video um the plaintiff said that there was 70 minutes of surveillance video before the accident and that there was nothing to show that um so you couldn't see the substance so they said because you don't see anyone creating the spill the substance must have been present the entire video so they said this is our temporal construction constructive notice this is our proof that this is our positive showing and um of the temporal element and the court the lower court agreed with that and the louisiana supreme court in 2020 said no no no under babin um that is not a positive showing the absence of something and i think that's applicable here they're saying look there's no scratches that that's not a positive showing they're relying on in a general manager at a haza food which operates wendy's testimony when he was asked about whether he would expect there to be scratches if it moved and he said i assume there would be scratches uh some sort of scratch that's not a positive showing um i don't believe my view looking at the leaves there's nothing to show that these leaves weren't here before the the parking bumper was moved i don't think that's a positive showing um i think based on the louisiana supreme court reasoning and ruling about um what there must be a temporal element of and that's the damage causing condition so so i what i hear you saying is we need to look at babin we need to look at gidry to see what specifically is the temporal showing that is the plainest burden to make okay can i can i ask that's something i asked mr frischerts about sure what are we reviewing in this case are we reviewing a grant of summary judgment or something else okay so i actually looked into this issue extensively uh we're reviewing a grant of summary judgment i think it looks like based on you caught this it was my understanding just to be completely forthcoming that he was appealing the grant of the summary judgment as well as the motion for reconsideration it's my position that you look at the grant you look at the summary judgment you look at our motion for summary judgment and you see that we submitted sufficient evidence a summary judgment and there was no opposition when the judge ruled on it then you look under the um the higher burden um the abuse of discretion burden when you review the court um the court's decision to deny the motion for reconsideration and it's just that's what happens in cases when your opposition wasn't filed until after the court ruled on it and it's unfortunate that um that was my that's my position um well the reason i ask is because um there's obviously a different standard if you're reviewing a rule 59 or rule 60 harder for the appellant to win uh than reviewing a summary judgment which is de novo right yeah so i agree with you in the in the as far as i can tell the notice of appeal specifies record document 41 when i was an appellate attorney if i wrote a i was always paranoid about not appealing the right judgment so i i included all the possible record documents uh that that i wanted to appeal to make sure i didn't give up my appeal on anything but i do agree that record document 41 goes back into the merits of the summary judgment which is um do you think it was correct for the judge to review this as a rule 54 motion um yeah honestly i do and it doesn't help me but i'm just going to be completely forthcoming i do think it's a 54 motion because it was before the judgment was ruled on however it's still a higher standard it's my understanding that it's still a higher standard under rule 54 because he has a lot of discretion under rule 54 and actually i think more discretion than under rule 60 i sense um so that is my position on that issue um the you think you think we review the the summary judgment de novo here i do but i don't think you look at his opposition i think you look at whether we submitted enough um and judge you judge duncan you mentioned the babin and the gidley case i've i've also encouraged the court and i you know when you're prepping for oral argument you may come across the different more cases there's a federal case that's very similar to gidley it's circuit taylor versus walmart 464 federal appendix 337 same thing they try to they show a surveillance video and basically say the absence of their creation of the condition and i just felt like it was relevant because of that yeah look i don't want to tell you what to argue but i mean has council been able to respond to these citations um no but he he has not been able to respond to that citation um so i guess i will just you can try to i guess you can try to i won't count i want i would want council on the other side to be able to tell me okay um that makes sense um the other thing i wanted to say are the cases that were cited by plaintiffs are just distinguishable besides the gendry case which i think helped the defendant in this case um the blake versus walmart case is a case where there's leaking dishwasher detergent and it was a trail that was 40 feet long and the connor versus brookshire case is a leaking cooler that had a pretty big leak there was evidence in the record on that and in both of those cases that's positive proof it's circumstantial evidence but it's also not speculative it's positive proof and i think that's where plaintiff kind of plaintiff and i aren't seeing eye to eye i think there's a mistake there i think there can be circumstantial evidence to a positive showing based on louisiana supreme court and this court prior ruling under 1900.6 which um is a merchant liability statute i do want to point out that the party cited 23 17.1 which is another premise um another negligence statute however it's the same you have to show constructive notice under both but in the footnote 16 to the trial court ruling they they said it was 1900.6 and on my review of the cases as the trial court got that right so i asked i believe that's all i have if there are no additional questions for me and um i just ask that you affirm the trial court and grant summary judgment i mean affirm the trial court grant a summary judgment thank you counsel rebuttal yes your honor briefly mark fresh earth again for mr dixon um touching on what was appealed and the standard of review we appealed rule the the docket number 41 because that was the the case that was where the the trial court or the district court excuse me under rule 54 re-examined and addressed summary judgment on the merits and um and and held that summary judgment was appropriate um prior to that the prior ruling which the court found interlocutory and i'll submit the issue of whether the trial court was correct to consider it a rule 54 motion um and to grant us leave has not been appealed by anyone um the only issue that's been appealed is the the granting of summary judgment um and so i agree i mean i think i think the trial court or the district court was correct that rule 54 governs and under rule 54 it is a re-examination of an interlocutory ruling and at that point what is material is what was the ruling on re-examination and therefore we submit it's a summary judgment and they know review applies on the issue of positive evidence i would ask the court to look at the cases cited in our brief as well as our reply brief where positive evidence is not synonymous with direct evidence it is absolutely clear the louisiana supreme court has held that circumstantial evidence and direct evidence are synonymous in these types of cases do you mr frishers do you think you have a problem with babin and gidry from louisiana supreme court because counsel on the other side cited those cases in particular i do not in the case in fact i think gidry supports us and babin we cite it as distinguishable so in babin there were toothpicks that fell on the ground and there was no way to infer how long they had been there in gidry it was a leaking cooler where the drip pan had overflowed and in that case summary judgment was denied because it was held that that's a process that takes place over time and therefore the temporal element was satisfied although plaintiff couldn't prove exactly when it started overflowing plaintiff the evidence the inferences could be drawn that because that happens over time that it it existed for a in a non-specific period of time which is all the plaintiff needs to prove in lewis v jazz casino it's a fourth circuit case but it cites and quotes several supreme court cases from from the last actually 20 years on this issue and that citation is 245 southern 3rd 68 we cited in our reply brief it clearly establishes that we don't need an eyewitness we don't need direct evidence instead circumstantial evidence can be used to satisfy and the definition of circumstantial evidence is evidence of a fact or a set of facts in this case the photograph of the bumper combined with the testimony of the general manager from which the existence of another fact can be inferred and we submit that the inferences can go both ways we don't dispute that but in the context of a motion for summary judgment the fact that they can go both ways is itself proof that the summary judgment should have been denied i don't know how a trier fact would ultimately rule in this case but based on the evidence presented there are inferences which can be reasonably drawn that this parking bumper and more importantly this piece of rebar was exposed for a period of time that it had not happened moments before plaintiff fell but instead was there for a period of time and as such we've satisfied our burden of showing constructive notice i do agree this case is governed by louis lars 9 colon 2800.6 but the standard under 23.7.1 of constructive notice and the standard under the merchant statute are virtually identical in fact the case law goes back and forth so it's a distinction without a difference as far as the way we've cited it from all of you that your honor anyway that's all i have unless there's any other questions thank you very much for your time and consideration all right thank you counsel thanks to you both the court will take this matter under advisement